UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 17-CV-3038 (JFB) (GRB)

———————————

DARIAN DEROSA,

Plaintiff,

VERSUS

COMPUTER CREDIT, INC.,

Defendant.

———————————

**MEMORANDUM AND ORDER**
March 28, 2018

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Darian Derosa ("Derosa" or "plaintiff") brings this putative class action on behalf of himself and other individuals similarly situated,[1] alleging that defendant Computer Credit, Inc. ("Computer Credit" or "defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff's claims arise from a letter he received from Computer Credit, dated December 11, 2015, sent in an attempt to collect a past due debt owed to John T. Mather Memorial Hospital (the "Hospital"). First, plaintiff asserts that Computer Credit violated the FDCPA because the letter did not indicate that, under the agreement between plaintiff and the

Hospital, the "Amount Due" could increase due to reasonable attorney's fees and court costs, if there is a default in payment and the Hospital retains an attorney to prosecute a claim for unpaid balances. Second, plaintiff asserts that Computer Credit violated the FDCPA because the letter did not disclose that the Hospital could seek pre-judgment interest under the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 5001 ("Section 5001").[2] Computer Credit moves to dismiss these claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the letter is not false, misleading, or deceptive, nor does the letter misrepresent the amount of the debt. For the reasons set forth

---

[1] Plaintiff has not yet moved for class certification pursuant to Federal Rule of Civil Procedure 23.

[2] With respect to these claims (the first, second, and fifth causes of action), plaintiff alleges violations of Sections 1692e and 1692g. In his opposition to the motion to dismiss, plaintiff states that he "does not object to the dismissal of the remaining causes of

action." (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss (hereinafter "Pl.'s Mem."), ECF No. 14 at 16). Accordingly, plaintiff's remaining claims are voluntarily dismissed.

below, the Court grants Computer Credit's motion to dismiss in its entirety.

I. BACKGROUND

A. Factual Background

The Court takes the following facts from the complaint, as well as the collection notice from Computer Credit, which is attached to the complaint.[3]

Plaintiff alleges that he is a "consumer" and that Computer Credit is a "debt collector," as defined by the FDCPA. (Compl. ¶¶ 5, 10-12.) Plaintiff received a letter from Computer Credit, dated December 11, 2015, seeking to collect a financial obligation plaintiff incurred primarily for personal, family, or household purposes—a "debt" as defined by the FDCPA. (Compl. ¶ 8.) The letter, which lists an address of 17 Edna Lane, Selden, NY 11784-1529 in the upper-left corner, reads, in relevant part:[4]

> Provider Detail
> John T. Mather Memorial Hospital
> Patient Accounts Credit Department
> PAST DUE AMOUNT: $174.15
>
> Dear Darian Derosa:
>
> Your overdue balance with John T. Mather Memorial Hospital has been referred to Computer Credit, Inc. (also referred to in this letter as CCI) for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the hospital. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311.
>
> This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt or any portion thereof within 40 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.
>
> Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.

(Compl. at 11-12 ("Ex. A," or "Letter").)

B. The Claims

Plaintiff asserts that, because of two specific omissions, this letter violates 15 U.S.C. §§ 1692e ("Section 1692e") and 1692g ("Section 1692g"). In particular, plaintiff contends that Computer Credit failed to notify him that: *first*, the "Amount Due" may increase due to "reasonable attorney's fees and court costs," and, *second*, the "Amount Due" may increase due to interest pursuant to N.Y. C.P.L.R. § 5001. (Compl. ¶¶ 15-18, 21-22, 32.)

With regard to the first purported omission, plaintiff notes that the agreement

---

[3] As discussed *infra*, in considering a motion to dismiss, courts may consider documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records. *See, e.g.*, *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

[4] Any omitted information is irrelevant. For instance, the letter includes a note: "PLEASE SEE IMPORTANT NOTICE ON BACK," which directs recipients to a federal notice and notices to Texas and California consumers that have no bearing on the issues in this case. The letter also includes online payment instructions, and a notification that John T. Mather Memorial Hospital provides Charity Care to qualifying patients.

between Derosa and the Hospital allows the Hospital to charge Derosa, "in addition to the 'Amount Due' of $174.15, 'reasonable attorney's fees and court costs' 'if there is a default in payment of any sums due' and John T. Mather Memorial Hospital 'retains an attorney to prosecute a claim for unpaid balances.'" (Compl. ¶ 16.) Plaintiff further contends that Computer Credit, as an assignee or successor-in-interest, would have a right to charge Derosa the additional sum, and violated Sections 1692e and 1692g by failing to notify Derosa of this potential increase in debt. (Compl. ¶¶ 17-18.)

Plaintiff's second claim, as noted above, is premised on his argument that his debt could increase due to pre-judgment interest, as afforded by N.Y. C.P.L.R. § 5001. There is no allegation (nor does plaintiff argue) that, at the time defendant sent the debt collection letter, plaintiff's debt had been reduced to a judgment. Section 5001(a) states that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract." (Compl. ¶ 24 (citing N.Y. C.P.L.R. § 5001(a)).) Plaintiff asserts that this statute allows for interest to begin to accrue on the "earliest ascertainable date the cause of action existed." (Compl. ¶ 27 (citing N.Y. C.P.L.R. § 5001(b)).) Plaintiff claims that interest, therefore, began accruing on or before the date Computer Credit sent the collection letter. (Compl. ¶¶ 26-32.) Relying on his argument that this pre-judgment interest would be recoverable, plaintiff claims Computer Credit violated the FDCPA by failing to notify Derosa of this potential increase in debt. (Compl. ¶ 19.)

C. Procedural Background

Plaintiff filed a complaint in the Supreme Court of the State of New York, County of Suffolk, on May 15, 2017. Defendant removed the case to this Court on May 19, 2017. Defendant filed a motion to dismiss on July 31, 2017. Plaintiff filed his memorandum in opposition to defendant's motion to dismiss on September 7, 2017. Plaintiff replied on September 21, 2017. The Court held oral argument on October 17, 2017, and reserved decision. On November 20, 2017 and November 30, 2017, defendant submitted notices of supplemental authority, bringing to the Court's attention decisions relating to the pending motion that had been issued after oral argument. The Court has fully considered the parties' submissions and arguments.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57).

The Court notes that, in adjudicating this motion, it may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).

Plaintiff conceded at oral argument that this case could be decided based on the pleadings. Plaintiff claims that, as a matter of law, Computer Credit was required to disclose in its collection notice that his debt may increase in the future due to Section 5001 interest or future legal fees and costs under the agreement. There is no allegation that the debt was accruing interest, late charges, or other fees under the agreement between plaintiff and the Hospital. Under such circumstances, where there are no factual disputes based upon the pleadings for which discovery is required, it is simply a question of law as to whether the letter violates the FDCPA. *Contra Sperber v. Cent. Credit Servs., LLC*, No. 16-CV-5222 (ARR) (RLM), 2017 WL 1737702, at *5 (E.D.N.Y. May 1, 2017) (denying a motion for judgment on the pleadings because the question before the court of "whether or not interest was accruing" was "a factual question" that could not be resolved at the pleadings stage).

III. DISCUSSION

Defendant moves to dismiss, arguing that plaintiff does not state a claim for relief under the FDCPA because there was nothing false, misleading, or deceptive about the letter it sent plaintiff in an attempt to collect his past due debt. Defendant's main argument is that the FDCPA does not require debt collectors to disclose that additional interest or fees may accrue when an account is not actually accruing interest or fees. This argument addresses plaintiff's remaining claims, which allege that defendant violated the FDCPA by failing to notify defendant of the *potential* that he might in the future incur additional charges in the form of (1) attorney's fees and court costs under the agreement (incurred to collect the unpaid balance), or (2) pre-judgment interest under N.Y. C.P.L.R. § 5001.

For the reasons set forth below, the Court concludes that, as a matter of law, defendant's collection notice was not false, deceptive, or misleading in omitting information about these potential charges that would be contingent upon the occurrence of

4

future litigation events.[5] The Court, therefore, finds that plaintiff failed to state a claim that defendant violated the FDCPA, and grants defendant's motion to dismiss.

A. Applicable Law

Congress created the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2003). Finding that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §§ 1692(a), 1692(e).

To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). According to the Second Circuit, the "least sophisticated consumer" standard is "an objective analysis that seeks to protect 'the naïve' from abusive practices while simultaneously shielding debt collectors from liability for 'bizarre or idiosyncratic interpretations' of debt collection letters." *Greco*, 412 F.3d at 363 (citations omitted). The Second Circuit has emphasized, however, that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *Clomon*, 988 F.2d at 1318-19).

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A communication is considered false, deceptive, or misleading to the "least sophisticated consumer" if it is "open to more than one reasonable interpretation, at least one of which is inaccurate."[6] *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). This is a question of law. *Shami v. Nat'l Enters. Sys.*, 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012). As such, the Court can resolve whether a communication violates § 1692e on a motion to dismiss. *See, e.g., Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 256 (E.D.N.Y. 2013) (citing *Rozier v. Fin. Recovery Sys.*, No. 10–CV–3273 (DLI)(JO),

---

[5] For the same reasons, the Court concludes that defendant did not misrepresent the amount of the debt under Section 1692g.

[6] District court decisions in this circuit have incorporated a materiality prong into this analysis, *see, e.g., Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 360 (E.D.N.Y. 2013) (citing *Fritz v. Resurgent Capital Servs., L.P.*, 955 F. Supp. 2d 163, 170-71 (E.D.N.Y. 2013)), relying on the Second Circuit's apparent approval of the materiality requirement in an unpublished opinion, *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). The Court in *Gabriele* stated that "not every technically false representation by a debt collector amounts to a violation of the FDCPA," and cited FDCPA cases discussing the materiality of a misrepresentation, but did not affirmatively adopt a materiality requirement. 503 F. App'x at 94-96. This Court, however, need not decide whether to incorporate the materiality requirement in this case because, as set forth below, the Court concludes that Computer Credit's letter was not false, deceptive, or misleading in the first instance as a matter of law.

2011 WL 2295116, at *2 (E.D.N.Y. June 7, 2011)).

Section 1692g(a) sets forth the required disclosures for a debt collector's initial communication to a consumer. Specifically, the debt collector must include (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that the consumer may dispute the validity of the debt within thirty days after receipt of the initial communication, lest the debt be assumed valid by the debt collector; (4) a statement that if the consumer notifies the debt collector that the consumer is disputing the debt, the debt collector must provide verification of the debt; and (5) a statement that, if the consumer requests the name and address of the original creditor in writing within thirty days of receiving the initial communication, the debt collector must provide it. 15 U.S.C. § 1692g(a). Computer Credit's letter included the above-referenced specific disclosures. For the same reasons that plaintiff alleges a violation of Section 1692e, plaintiff asserts that the collection letter did not accurately set forth the amount of the debt as required under 1692g.

B. The FDCPA Claim Based on Future Attorney's Fees and Costs

Plaintiff claims that the collection notice violated the FDCPA because it failed to disclose that the amount of the debt may increase in the future if attorney's fees and court costs are incurred in connection with litigation to recover the unpaid balance. As set forth below, that claim fails as a matter of law under Sections 1692e and 1692g(a).

As noted above, the agreement between Derosa and the Hospital allows the Hospital to charge Derosa, "in addition to the 'Amount Due' of $174.15, 'reasonable attorney's fees and court costs' 'if there is a default in payment of any sums due' and John T. Mather Memorial Hospital 'retains an attorney to prosecute a claim for unpaid balances.'" (Compl. ¶ 16.) Thus, this attorney's fees-shifting provision would only be triggered if the following conditions were met: (1) the Hospital retained an attorney; (2) a lawsuit was commenced; (3) attorney's fees and costs were incurred; and (4) a court determined those fees and costs were reasonable. In the instant case, there are no allegations suggesting that the attorney's fees-shifting provision had been triggered at the time the collection letter was received. In other words, plaintiff does not allege that such attorney's fees and costs had been incurred, or that an attorney had even been retained. Thus, at the time the letter was received, there could be no conceivable argument that the amount of the debt had increased. The amount of the debt under the FDCPA does not include unaccrued attorney's fees and costs that are contingent upon future events. In short, this Court holds that the FDCPA is not violated, under the least sophisticated consumer standard, by the failure to disclose that the amount of the debt may increase in the future if attorney's fees and court costs are incurred in connection with litigation to recover the unpaid balance. In fact, any mention of the possibility of incurring these fees and costs would be so speculative that it could render the disclosure itself misleading under the FDCPA to the least sophisticated consumer.

This Court's decision is consistent with the analysis by the Seventh Circuit in *Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003). In *Veach*, the Seventh Circuit held that an affirmative mention of attorney's fees in a collection notice violated the FDCPA. *Id*. at 692, 694. The debt collector in *Veach* had described the "amount of the claimed debt" as the "[r]emaining principal balance $1,050.00; plus reasonable attorney fees as permitted by law, and costs if allowed by the court." *Id*. at 692. The Seventh Circuit

pointed to the definition of a "debt" under the FDCPA—an "obligation or alleged obligation"—and found that "by assuming the outcome of future events in drafting his notice, Sheeks ran afoul of the FDCPA." *Id*. at 692, 694. Rooting its analysis in the rationale underlying this protective statute, the Seventh Circuit found that the debt collector's statement was misleading. *Id*. at 693. The Seventh Circuit explained that the "amount of the debt" provision is "designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be." *Id*. As the debtor could not be held liable for attorney's fees until after there had been a judgment, the Seventh Circuit found that those fees were not part of the debt owed and should not have been included in the letter. *Id*.

The Second Circuit reached a similar conclusion in *Carlin v. Davidson Fink LLP*, where the Court held that a debt collector's inclusion of estimated attorney's fees and costs in the collection letter could be a violation of the FDCPA, even if allowed under the contractual agreement between the parties:

> It is unclear whether Davidson Fink's notice accurately conveys the required information. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . , whether or not such obligation has been reduced to judgment." The Seventh Circuit has expressed doubt that "debt" includes unaccrued court costs or attorney fees. But the Payoff Statement does not specify what the "estimated fees, costs, [and] additional payments" are, and thus we cannot say whether those amounts are properly part of the amount of the debt. If Davidson Fink improperly included fees and costs that it was not entitled to under the note (absent a judgment), the Payoff Statement would plainly be insufficient under § 1692g.

852 F.3d 207, 216 (2d Cir. 2017) (citations omitted).

Notwithstanding the Second Circuit's decision in *Carlin*, plaintiff contends that his claim is supported by the Second Circuit's decision in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). This Court, however, disagrees. Although *Avila* held that "Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance *may* increase due to interest and fees," *id.* at 74 (emphasis added), the *Avila* holding does not apply to the circumstances in this case. Instead, as discussed below, the holding and rationale of *Avila* is confined to cases where a balance is actually increasing, or where the possibility that it may increase is not contingent upon a future event.

In *Avila*, the debt collector informed the debtors of their "current balance[s]," but not that those amounts were increasing over time, or could increase if not paid by a certain date. *Id.* at 77. The debt at issue was allegedly accruing interest on a daily basis at a rate of 500% per annum at the time of the action, and would also allegedly result in a late fee if the debt was not paid within a certain amount of time. *Id.* at 74. Under those circumstances, where the amount of the debt had actually increased by the time the letter reached the debtor, the Second Circuit held an additional disclosure was required:

> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount

7

stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

*Id.* at 76. Derosa, on the other hand, asks this Court to extend *Avila* to apply in cases where the amount of the debt is not actually increasing, and any increase in the amount owed in the future would be contingent upon the occurrence of a separate future event. This Court declines to extend *Avila* to the instant situation.

Plaintiff relies upon the above-referenced language in *Avila* allowing for claims where a collection notice failed to disclose that a balance *may* increase. Other decisions have focused on the *Avila* requirement that debt collectors disclose when debt is *actually* increasing. *See, e.g.*, *Dick v. Enhanced Recovery Co., LLC*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) (summarizing the Second Circuit's holding in *Avila* as "that it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount is increasing"). This Court recognizes that—as plaintiff notes—the *Avila* decision also left open the possibility of challenges based on *future* increases in debt resulting from late fees.[7] Looking to the rationale underlying the FDCPA and *Avila*, however, this Court finds the additional reporting requirements in *Avila* do not require disclosure of potential increases contingent upon future events, such as attorney's fees and court costs incurred in a future lawsuit (or, as discussed *infra*, the award of pre-judgment interest in a future lawsuit under N.Y. C.P.L.R. § 5001).

The distinction between the different types of potential future increases, and reason for requiring only certain disclosures, focuses on notice. In *Avila*, the Second Circuit found that the omitted information rendered the collection letter inadequate notice to the consumer. 817 F.3d at 76. The plaintiffs successfully argued that the "least sophisticated consumer" (or even a reasonable consumer) might not expect the "current balance" on a debt collection notice to increase with the mere passage of time. *Id.* The Second Circuit accepted the plaintiffs' argument that the collection notice misled them to believe that the "current balance" was a "static" amount, and that payment at any time would satisfy the debt. *Id.* at 74, 76.

This rationale does not apply in Derosa's case, as the least sophisticated consumer

---

[7] Although *Avila* suggests that certain potential future increases in debt could require disclosure, other courts in this circuit have ruled that plaintiffs must support allegations of FDCPA violations with some evidence that the potential interest and fees were accruing. *See, e.g.*, *Taylor v. Financial Recovery Servs.*, 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017) (distinguishing *Avila* on the basis that plaintiffs in the instant case had not alleged that the debt was accruing interest or fees).

Plaintiff in this case made—and lost—a similar claim in *Derosa v. CAC Fin. Corp.* with regard to a collection notice sent to recover his credit card debt. 278 F. Supp. 3d 555, 561 (E.D.N.Y. 2017). In *Derosa*, plaintiff did not base his claim that there could be a future increase in debt on the contingent event discussed here (a lawsuit). Plaintiff simply pointed to the *Avila* holding that, under § 1692e, "debt collectors, when they notify consumers of their account balance, [must] disclose whether the balance may increase due to interest and fees," and then made the bare allegation that the debt collector "fail[ed] to disclose whether Plaintiff's balance may increase due to interest and fees." Amended Compl. ¶¶ 20, 33, *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, No. 16-CV-1472 (E.D.N.Y. July 28, 2016), ECF No. 19. Absent any indication of potential future increases in Derosa's debt, the court treated his case as one "where there [was] *not* a possibility" of the balance increasing due to interest or fees. *Derosa*, 278 F. Supp. 3d at 560. The court noted that the Second Circuit had not yet addressed the question of whether a collection notice must affirmatively state that debt is static, and concluded that such a notification is unnecessary. *Id.* at 560-561.

8

would have been correct in believing that the "Amount Due" was not increasing at the time of the collection letter and, thus, was a static amount. Unlike in *Avila*, Derosa's debt was not increasing simply due to the mere passage of time; rather, any increase required a contingent future event—namely, the retention of an attorney to prosecute a default in payment of sums due, and reasonable attorney's fees and costs being incurred as a result. In other words, if Derosa paid the debt at the time of the collection letter, he would have satisfied the debt because the attorney's fees-shifting provision had not been triggered. Thus, because the debt was static at the time the letter was received, this Court concludes that the collection notice Derosa received would not have misled the least sophisticated consumer to incorrectly believe that he had satisfied his debt through payment, and thus does not run afoul of the analysis in *Avila*.

The Court concludes not only that the disclosures plaintiff argues were required in this case by the FDCPA are not compelled by *Avila*, but also that such mandated disclosures would potentially do more harm than good. Warnings about unaccrued interest and/or fees contingent upon future events (such as litigation) could easily confuse debtors as to the sum they owe, or might owe in the future. *See, e.g.*, *Castro v. Green Tree Serv. LLC*, 959 F. Supp. 2d 698, 711 (S.D.N.Y. 2013) ("The Court finds that the least sophisticated consumer would be misled by the inclusion of the total underlying balance, rather than the amount being collected . . . . [The] letter could mislead a consumer as to the 'nature and legal status of the underlying debt.'"); *see also Beauchamp v. Fin. Recovery Servs.*, No. 10 Civ. 4864(SAS), 2011 WL 891320, at *2-3 (S.D.N.Y. March 14, 2011) (debt collector's disclosure that the debt may increase due to interest, late charges, and other charges violated the FDCPA when debt collector never sought to collect on any amount beyond that stated in the letter). Opening the floodgates to mandatory additional notifications based upon future, contingent events could produce collection notices that leave debtors unsure of the legal status of their debt and what their next steps should be, thereby impeding the underlying objectives of the FDCPA.

In sum, because the attorney's fees-shifting clause had not been triggered and the debt at issue was not actually increasing at the time the letter was received, the Court holds that the failure to disclose the possibility of owing future attorney's fees and costs was not a violation of the FDCPA under Section 1692e or Section 1692g(a).

C. The FDCPA Claim Based on N.Y. C.P.L.R. § 5001

Plaintiff's claim that he might incur additional charges in the form of pre-judgment interest turns on N.Y. C.P.L.R. § 5001, as state law determines whether pre-judgment interest is recoverable. (*See* Compl. ¶¶ 24-28); *see also In re Arcade Pub., Inc.*, 455 B.R. 373, 379 (Bankr. S.D.N.Y. 2011) (citing *In re Milham*, 141 F.3d 420, 423 (2d Cir. 1998)). Under New York law, it is abundantly clear that pre-judgment interest under Section 5001 only applies after a lawsuit has been successfully prosecuted and a sum has been awarded.

The language of Section 5001 indicates that the award of a judgment must precede any claim for interest:

> *Interest shall be recovered upon a sum awarded* because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be

computed shall be in the court's discretion.

N.Y. C.P.L.R. § 5001(a) (emphasis added). Moreover, the language of the third section of Section 5001 also provides that the availability of such interest is contingent upon a favorable verdict or decision by the court:

> The amount of interest shall be computed by the clerk of the court, *to the date the verdict was rendered or the report or decision was made*, and included in the total sum awarded.

N.Y. C.P.L.R. § 5001(c) (emphasis added).

Not only does the first clause of this provision discuss a "sum awarded"—which presumes a court has made a decision and calculated damages—but the second clause also refers to a *past* decision date (when the verdict "was rendered"). *See* N.Y. C.P.L.R. § 5001. In addition to the plain language of the statute, the commentary clarifies that this provision precludes the award of such pre-judgment interest. *See, e.g.*, *In re Arcade Pub., Inc.*, 455 B.R. at 379 (citing Weinstein, Korn & Miller, NEW YORK CIVIL PRACTICE ¶ 5001.00 (2d ed. 2005) (explaining that this provision was intended to compensate a "successful plaintiff")).

Given this legal framework under New York law, this Court holds that statutory interest under N.Y. C.P.L.R. § 5001 does not accrue on a debt until it is awarded by a court. This is not a situation where the obligation to pay exists prior to that obligation later being reduced to a judgment and, thus, is part of the debt, *see* 15 U.S.C. § 1692a(5); the obligation to pay the interest does not exist at all under New York law until that judgment is awarded by a court. Thus, pre-judgment interest under Section 5001 is not part of the debt under the FDCPA until such an award is made by a court. Here, there is no allegation of such an award and, therefore, the amount of the debt was static at the time the letter was received. Accordingly, the Court holds that the failure to include any disclosure in the letter about the possibility of pre-judgment interest being awarded in the future does not violate Section 1692e or Section 1692g(a) under the least sophisticated consumer standard.

As noted *supra*, this holding is not contrary to the Second Circuit's holding (or reasoning) in *Avila*. Unlike *Avila*, where the debt at issue was accruing on a daily basis at a rate of 500% per annum, the debt here is not accruing any interest under N.Y. C.P.L.R. § 5001 at the time the letter was received because no such interest has been awarded. Likewise, although plaintiff also cites *Sperber*, that case is also distinguishable because the debt at issue had already been reduced to a judgment and New York law provides for automatic 9% statutory interest on judgments. 2017 WL 1737702, at *1. Other case authority plaintiff provides in support of his argument demonstrates only that pre-judgment interest can be recovered *after* a judgment has been awarded. (*See* Pl.'s Mem. 10 (citing *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir. 1979) (finding that, where plaintiffs had already received a judgment in their favor and sought to amend the judgment to add pre-judgment interest, under N.Y. C.P.L.R. 5001, "plaintiffs were unquestionably entitled to pre-judgment interest from some date"))). In short, the Court finds the case authority cited by plaintiff, and the accompanying arguments, to be unpersuasive in the context of this case.

Several other New York federal and state courts have reached the same conclusion on this issue under the FDCPA. In *Cruz v. Credit Control Services*, in a thorough and well-reasoned decision, the Honorable Arthur D. Spatt granted a motion to dismiss a similar claim premised on a debt collector's failure to disclose a potential balance

increase resulting from pre-judgment interest under N.Y. C.P.L.R. § 5001. No 2:17-cv-1994, 2017 WL 5195225, at *6 (E.D.N.Y. Nov. 8, 2017). The court stated that, under N.Y. C.P.L.R. § 5001, "[a]ny request for pre-judgment interest must be made to a court." *Id.* at 5. The court, therefore, held that, "as a matter of law, pre-judgment interest under N.Y. C.P.L.R. § 5001 is not considered part of the 'amount of the debt' if no request for relief of pre-judgment interest has been made upon a court." *Id.* at *4. Further, addressing the question presented in this case, the court explained that the *Avila* requirement under the FDCPA for debt collectors "to disclose [in collection notices] that the balance may increase due to interest and fees" was "inapplicable" because "[p]rejudgment interest under § 5001, which must be ordered and calculated by a third party and which does not exist prior to the entry of judgment is *fundamentally distinguishable* from interest that is continually accruing at a daily rate equivalent to 500% per year." *Id.* at *6 (emphasis added); *see also Bird v. Pressler & Pressler, L.L.P.*, No. 12-CV-3007 (JS)(ETB), 2013 WL 2316601, at *2 (E.D.N.Y. May 28, 2013) (failure to disclose the possibility of pre-judgment interest under N.Y. C.P.L.R. § 5001 in collection letter did not violate the FDCPA where no legal action had been commenced and the "[d]efendant presumably did not include any reference to potential legal action or pre-judgment interest for fear of violating the FDCPA").

Similarly, in *Altieri v. Overton, Russell, Doerr, and Donovan, LLP*, the court held that the failure to advise plaintiff in a collection letter about the possibility that interest could be assessed under N.Y. C.P.L.R. § 5001 in the future did not violate Section 1692e. 281 F. Supp. 3d 254, 265 (N.D.N.Y. 2017). In reaching its decision, the court noted that "N.Y. C.P.L.R. § 5001 interest cannot be assessed unless and until a civil action is commenced" and there was no allegation, at the time the collection letter was received, that any such action had been commenced. *Id.* (citations omitted). Thus, the court emphasized that, "contrary to the situation addressed in *Avila II*, the [collection letter's] statement of the Amount Due is not false and would not mislead the least sophisticated consumer from the belief that, at the time, payment of the Amount Due would clear her account." *Id.* (citation omitted). Moreover, the court noted that the possibility that the debt could be sold to a third party, who could then seek interest under N.Y. C.P.L.R. § 5001, did not change the analysis because "the potential of future events (*i.e.* the debt is sold to a third party and the third party commences a civil action seeking N.Y. C.P.L.R. § 5001 interest) does not make the [collection letter's] statement . . . false or a violation of the rule announced in *Avila II*." *Id.* at 266 (citation omitted).

Finally, in two decisions in New York state court, the court similarly concluded, citing *Cruz*, that "pre-judgment interest under CPLR 5001 is not considered part of the amount of the debt if no request for recovery of pre-judgment interest has been made before a court." (ECF No. 19-1 (Ex. 1, *Jackson v. Comput. Credit, Inc.*, No. 613935/2016E (N.Y. Sup. Ct. Suffolk Cty. Nov. 22, 2017) (citation omitted)); *accord* ECF No. 19-2 (Ex. 2, *Brown v. Comput. Credit, Inc.*, No. 617003/2016E (N.Y. Sup. Ct. Suffolk Cty. Nov. 22, 2017))).

In sum, the Court concludes that, where there is no allegation that any legal action has been commenced in connection with the debt, the failure to disclose in the collection letter the possibility that pre-judgment interest could be assessed under N.Y. C.P.L.R. § 5001 does not violate the FDCPA.

## IV. Conclusion

For the foregoing reasons, the Court grants Computer Credit's motion to dismiss the remaining (the first, second, and fifth) causes of action.[8]

SO ORDERED.

███████████
JOSEPH F. BIANCO
United States District Judge

Dated: March 28, 2018
Central Islip, NY

\*\*\*

Plaintiff is represented by Mitchell L. Pashkin, 775 Park Avenue, Suite 255, Huntington, NY 11743. Defendant is represented by Han Sheng Beh, Hinshaw & Culbertson LLP, 800 Third Avenue, 13th Floor, New York, NY 10022.

---

[8] In his opposition papers, plaintiff seeks leave to amend to correct any deficiencies identified by the Court in the allegations of the complaint. It appears to the Court that, because the defects in the causes of action are substantive, any attempt to re-plead would be futile. However, in an abundance of caution, the Court will conduct a telephone conference with the parties to discuss with plaintiff's counsel whether he seeks leave to amend and, if so, how the defects in these causes of action could be remedied in an amended complaint.